# Brown, Appellant, *v.* Power et al.

*Contract—Sale of real estate—Tenants in common—Joint contract—Specific performance—Vendor and vendee.*

A contract for the sale of real estate owned by four tenants in common, two of whom were minors, which was duly executed by the guardian of the minors, and made subject to approval of the Orphans' Court, cannot be specifically enforced against the tenants in common who are sui juris by compelling them to convey their interest in the property upon refusal of the court to approve the sale, since the contract is joint and cannot be enforced in severalty.

Argued Oct. 19, 1918. Appeal, No. 131, Oct. T., 1918, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1918, No. 1263, in Equity, sustaining demurrer to bill for specific performance of sale of real estate in case of D. Howard Brown v. M. Ada Power, Helen M. Power and Herman J. Myers. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for specific performance of contract for sale of real estate. Before EVANS, J.

Demurrer to the bill was sustained in the following opinion by EVANS, J.:

The plaintiff files his bill alleging that the defendant, M. Ada Power, and J. P. Fife, Guardian of John I. Power, Helen M. Power and Emma D. Power, minors, entered into an agreement with him for the sale of certain coal lands therein described, and in that agreement was the following provision:

"Subject, however, to a certain lease on said coal held by Herman J. Myers, and subject also to the approval thereof of the Orphans' Court of Allegheny County, Pennsylvania."

And, again, the party agrees to deliver a deed:

"In fee simple, clear of all liens and encumbrances, subject, however, to the aforesaid lease of Herman J. Myers, provided, however, that the Orphans' Court of Allegheny County, Pennsylvania, approves said sale."

Some delay was had in the application to the Orphans' Court for the approval of the sale, and as the provisions of the agreement required acceptance of the option in ten days and the execution of the deeds within thirty days, several extensions were given on the agreement, and finally the Orphans' Court refused to approve the sale, but did approve a sale of the same property at $1,015 an acre. Helen M. Power became of age during the pending of this matter and signed some of these agreements of extension. M. Ada Power is the widow of Henry J. Power, deceased, and the mother of minor children, and has a statutory dower in the land in dispute. The plaintiff claims that the provision requiring the approval of the Orphans' Court of Allegheny County does not apply to M. Ada Power and Helen M. Power, and prays (1) that this court make its order and decree requiring M. Ada Power and Helen M. Power to specifically perform the agreement, Exhibit "A," made by them, and to convey their interest in the property therein described upon the payment to them of their proportionate share of the consideration named in said agreement. The defendants demur to the bill and the case comes before this court on demurrer.

We cannot agree with the contention of the plaintiff that the agreement of option was a several agreement. It was a joint agreement signed by the widow and guardian of the minor children and made subject to the approval of the Orphans' Court of Allegheny County, and when the Orphans' Court of Allegheny County on application

to it refused to approve the sale, that was the end of the agreement.   If we were looking for a reason why Mrs. Power, the widow, should desire to have the approval of the Orphans' Court of this agreement, it would not be difficult to find the reason.   Her interest under the law would be fixed by the Orphans' Court, and certainly it was to her interest to have not only the agreement of her minor children approved by the Orphans' Court, but that her own agreement should fail unless the Orphans' Court approved it.   But, as I stated, this is a joint contract and cannot be enforced in severalty.

Demurrer sustained.

*Error assigned* was the decree of the court sustaining demurrer to plaintiff's bill.

*Frank P. Patterson,* for appellant.—The contract is several and not joint:  Bush v. Gamble, 127 Pa. 43.

*J. P. Fife,* of *Douglass, Fife & Young,* with him *I. L. Jones,* for appellees, were not heard.

Per Curiam, January 4, 1919:
This appeal is dismissed and the decree affirmed, at appellant's costs, on the opinion of the court below sustaining defendants' demurrer to his bill.